IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INDIA T. LLOYD,<br>Individually and on behalf of others<br>similarly situated<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLUE FLAME LOUNGE, INC., and<br>JACQUELYN WHITE<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION FILE<br>)　NO. _____<br>)<br>)<br>)<br>)<br>)　JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff India T. Lloyd who file this lawsuit against Defendants Blue Flame Lounge, Inc. and Jacquelyn White (hereinafter collectively "Defendants"), and show the following:

**Nature of Complaint**

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*.

1

(hereinafter "FLSA") during Plaintiffs' employment with Defendants (hereinafter referred to as the "relevant time period").

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Blue Flame Lounge, Inc. is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 1097 Harwell Road, Atlanta, Georgia, 30318.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

6.

Plaintiffs were residents of the State of Georgia during the relevant time period.

7.

Defendant Blue Flame Lounge, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent,

2

Jacquelyn White, 1097 Harwell Road, Atlanta, Georgia, 30318.

8.

Defendant Jacquelyn White may be served with process by delivering a copy of the summons and complaint to her work address at 1097 Harwell Road, Atlanta, Georgia, 30318.

**Factual Allegations**

9.

Blue Flame Lounge is an adult entertainment nightclub located at 1097 Harwell Road, Atlanta, Georgia, 30318.

10.

Plaintiff began working at Blue Flame Lounge on or around October 1, 2014.

11.

In June 2016, Plaintiff auditioned for another adult entertainment club.

12.

Plaintiff was terminated for auditioning for the other club.

13.

Plaintiff and others similarly situated (the "FLSA Collective") are individuals who have worked as current and former entertainer employees of

Defendant Blue Flame Lounge, Inc. within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

14.

At all times for three years prior to the filing of the instant complaint, Defendants have employed female entertainers at Blue Flame Lounge.

15.

At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all entertainers working at Blue Flame Lounge as "independent contractors."

16.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required entertainers to have any specialized training or background. Defendants have, however, required entertainers to dance at specified times and in a specified manner on stage and for a specific price; regulated entertainers' attire and interactions with customers; required entertainers to attend meetings at Defendants' business; and financed all advertising efforts undertaken on behalf of Blue Flame Lounge. Plaintiff was subject to the policies of Defendants outlined in this paragraph.

17.

At all times for the three years prior to the filing of the instant complaint,

Defendants have required entertainers, including Plaintiff, to pay a specific amount, often referred to as a "house fee" or "rental fee" in order to work on any given shift.

18.

The specific amount entertainers, including Plaintiff, were required to pay has varied over the last three years, but has generally been at least $25 per shift up to $175 depending on the arrival time of the entertainer.

19.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of Blue Flame Lounge' rules, they are charged additional fees. For example, there is a $25 penalty if the entertainer fails to work a "slow day" as defined by the Defendants.

20.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Plaintiff, to pay a specific amount to the "house mom" and the "DJ," usually $10 per shift.

21.

The fees described in Paragraphs 18-20 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

22.

Plaintiff worked over forty hours in some weeks she worked for Defendants.

23.

Defendants have never paid entertainers any amount as wages. Instead, entertainers' source of work related income is gratuities they receive from customers.

24.

Because Defendants did not pay Plaintiff any wages, Defendants did not pay Plaintiff one-and-a-half times her regular rate of pay when Plaintiff worked over forty hours in a given workweek.

25.

Defendants knew, or showed reckless disregard for the fact that they misclassified Plaintiff as an independent contractor, and accordingly failed to pay Plaintiff the minimum wage and failed to pay overtime at the required rate under the Fair Labor Standards Act.

26.

Defendant Jacquelyn White is the CEO of Blue Flame Lounge, Inc.

27.

Defendant White had discretion over Plaintiff's working hours,

employment status, and overtime compensation.

28.

Defendant White acts both directly and indirectly in the interest of Blue Flame Lounge, Inc. and was in a supervisory position over Plaintiff.

29.

Blue Flame Lounge, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

30.

Defendant White is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

31.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

32.

At all times relevant, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

33.

At all times relevant, Defendants have employed and continues to employ, employees, including Plaintiff, who engage or engaged in commerce or in the

production of goods for commerce.

34.

At all times relevant, upon information and belief, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.00.

35.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiff.

36.

Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

37.

Plaintiff and the FLSA Collective she seeks to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants during the past three years, who have not been compensated at least minimum wage for all hours worked and/or one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

## CAUSES OF ACTION

### Violation of the Minimum Wage Requirement of the Fair Labor Standards Act.

38.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 6, 29 U.S.C. § 206, by failing to pay minimum wage for time that Plaintiff worked.

39.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

40.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

41.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff and the FLSA Collective respectfully request that this Court:

(A)   Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights and the rights of the FLSA Collective have been violated; and

(D)   Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 22nd day of July, 2016.

**THE SHARMAN LAW FIRM LLC**

*/s/ Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

>The Sharman Law Firm LLC
>11175 Cicero Drive, Suite 100
>Alpharetta, GA 30022
>Phone: (678) 242-5297
>Fax: (678) 802-2129
>Email: paul@sharman-law.com

Counsel for Plaintiff